IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID TEETER
    Plaintiff

v.

JEFF BOLAND
KEVIN KOLLMAN
    Defendants

Civil Action No.

1:19cv1247

**FILED SCRANTON**
JUL 1 9 2019
Per_____ DEPUTY CLERK

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW COMES, David Teeter, the Plaintiff in the above captioned matter and proceeding *pro se*, files the within complaint and support thereof, avers the following, to wit:

### I. INTRODUCTION

1. This is a civil rights action being brought pursuant to 42 U.S.C. § 1983, asserting violations of the Plaintiff's constitutional rights. Specifically, while in the custody of the Pennsylvania Department of Corrections, the Plaintiff identifies as a transgender inmate who is undergoing treatment that includes estrogen and hormone shots. At the beginning of treatment, the hormone levels were 60MG twice per month. Recently, Defendant Kevil Kollman, the facility Medical Director, lowered the dose to 40MG. As a result of this sudden drop, the Plaintiff has suffered constant emotional and mental distress. The Plaintiff attempted to resolve this matter informally with no resolution. Court intervention is now required.

1

## II.   JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this court as the questions presented involve violations of the United States Constitution and federal law.

3. The venue is proper as at all times mentioned herein, the allegations occurred within this judicial district.

## III.   THE PARTIES

4. The Plaintiff, David Teeter, is an adult resident of the Commonwealth of Pennsylvania and has a current address of SCI-Benner Township, 301 Institution Drive, Bellefonte, Centre County, Pennsylvania.

5. The Defendant, Jeff Boland, is the Corrections HealthCare Administrator at SCI-Benner Township and has a current address of 301 Institution Drive, Bellefonte, Centre County, Pennsylvania.

6. At all times mentioned herein, Defendant Boland was responsible for ensuring the Plaintiff received proper health care in accordance with guidelines. He was acting under color of state law and is being sued in his official capacity.

7. The Defendant, Kevin Kollman, is the Medical Director and treating physician at SCI-Benner Township. He has a current address of 301 Institution Drive, Bellefonte, Centre County, Pennsylvania.

8. At all times mentioned herein, Defendant Kollman was responsible for treating the Plaintiff under established standards of care. He was acting under color of state law and is being sued in his official capacity.

## IV.　FACTUAL ALLEGATIONS

9.　Paragraphs 1-9 are incorporated by reference as if fully set forth herein at length.

10.　The Plaintiff arrived at SCI-Benner Township to being serving a sentence issued by a Pennsylvania court.

11.　Upon arriving at the facility, the Plaintiff notified prison officials, including the medical department, that she is a transgender inmate and has been while enjoying her freedom.

12.　After proper review by prison psychology and psychiatry staff, it was confirmed that the Plaintiff did have a diagnosis of gender dysphoria and identified as a female.

13.　After this diagnosis, the Plaintiff was approved by the Defendants to begin receiving hormone treatment.

14.　At the beginning of treatment, the Plaintiff's initial Estrodial order was 60MG. This level remained the same throughout treatment until it was abruptly changed without notice.

15.　On March 13, 2018, the Plaintiff had blood drawn to test the level of estrogen.

16.　On March 26, 2018, the Plaintiff met with Defendant Kollman, who reported that the estrogen level was in the range of 300, which is the same level it has been for the prior three years. It was determined at this time that no change in treatment was necessary.

3

17. On September 10, 2018, the Plaintiff met with Dr. Kollman, who informed her that the Department of Corrections wanted the estrogen levels below 200 and the testosterone levels raised over 10, which is where it was for the time period.

18. Defendant Kollman stated if any dosage changes were necessary, he would immediately inform the Plaintiff before the changes were made.

19. On November 15, 2018, while receiving the Estrodial treatment, the treating nurse informed the Plaintiff that the ordered dose was 40MG.

20. The Plaintiff notified the nurse that the dose was to be 60MG. She confirmed that Defendant Kollman had ordered the change recently.

21. On this same day, the Plaintiff submitted a request slip to Defendant Kollman, looking for an explanation of why the levels were changed.

22. On December 3, 2018, the Plaintiff received the response, which stated he could have reduced the level further, but chose not to.

23. On November 29, 2018, the Plaintiff submitted a request slip to Defendant Boland, which reiterated the same concerns made to Defendant Kollman.

24. On December 4, 2018, Defendant Boland returned his response, which stated that the levels were correct according to Department of Corrections policy.

25. Current policy of the Pennsylvania Department of Corrections, specifically 13.21.1 § 19.D.1, states "The latest version of standards of care for the Health of Transsexual, Transgender and gender non-conforming people published by the World Professional Association for Transgender Health (WPATH), will serve as guidelines for the overall health care of identified inmates."

26. In the initial review response for grievance# 778458 by Nursing Supervisor Lisa Campbell, it was stated that staff at the facility uses UpToDate, which is a proprietary online software program that is recognized for the treatment of identified inmates.

27. This software, which has no relation to WPATH, advises practitioners to utilize lower doses.

28. The use of software other than WPATH violates the current policy and is directly related to the lower dose.

29. On September 10, 2018, the Plaintiff met with Defendant Kollman and stated the standards of care were not being followed as per policy.

30. Defendant Kollman responded by saying he was not aware of WPATH and refused to provide relief.

31. Since the abrupt change in levels, the Plaintiff has suffered the following symptoms, but is not limited to night sweats, nocturnal erections, hot flashes, loss of concentration, severe anxiety and mood swings.

32. The Plaintiff sought assistance from onsite psychology and psychiatry staff, who agree that the current prescribed levels are at dangerous, unhealthy proportions with no just cause.

33. The Defendants actions fall outside the guidelines for the standards of care that is expected to be provided to the inmate population and their actions are a direct result of the Plaintiff's suffering.

## COUNT I

## DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED

34. Paragraphs 1-33 are incorporated by reference as if fully set forth herein at length.

35. The Plaintiff has been diagnosed with gender dysphoria, which causes her to identify as a female and is considered a serious medical need.

36. Due to the diagnosis, the Plaintiff is required to undergo treatment for hormone and estrogen levels.

37. The Estrodial levels, originally at 60MG, was treating the Plaintiff properly with no side effects.

38. Abruptly, the Defendants changed the dosage to 40MG without warning or consultation.

39. As a result of their actions, the Plaintiff now suffers from night sweats, nocturnal erections, hot flashes, loss of concentration, severe anxiety and mood swings.

40. The Defendants actions violate current policy issued by the Pennsylvania Department of Corrections, which requires the use of WPATH for treatment of identified inmates.

41. The Defendants treatment has fallen outside the standards of care expected and the Plaintiff has suffered.

WHEREFORE, the Plaintiff demands judgment in her favor and against the Defendants in excess of $50,000 on this claim and any other relief that this Court may deem appropriate.

## COUNT II

## NEGLIGENCE

42. Paragraphs 1-41 are incorporated by reference as if fully set forth herein at length.

43. The Defendants, collectively, are aware that current Department of Corrections policy requires the use of WPATH for treatment of transgender inmates.

44. The Defendants chose not to utilize this software and chose to use software that advises them to lower levels.

45. Due to the use of non-authorized software, the Defendants have been negligent in the care and treatment of the Plaintiff.

46. The Defendants never advised the Plaintiff they were lowering the treatment dosage, which resulted in negative side effects.

WHEREFORE, the Plaintiff demands judgment in her favor in excess of $50,000 on this claim and any other relief that this Court may deem appropriate.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Paragraphs 1-46 are incorporated by reference as if fully set forth herein at length.

48. The Defendants, collectively, lowered the dose of treatment for the Plaintiff based on software not authorized by policy.

7

49.  As a result of the Defendants actions, the Plaintiff has suffered and continues to suffer from night sweats, nocturnal erections, hot flashes, loss of concentration, severe anxiety and mood swings.

WHEREFORE, the Plaintiff demands judgment in her favor in excess of $50,000, together with punitive damages on this claim and any other relief that this Court may deem appropriate.

Respectfully Submitted,

*/s/ LZ0330*

David Teeter
Inmate# LZ-0330
SCI-Benner Township
301 Institution Drive
Bellefonte, PA 16823

Smart Communications/PA DOC
David Teeter/LZ0330
SCI Benner Twp
PO Box 33028
St. Petersburg FL.
33733

United States
Middle District
235 N. Washingto
P.O. Box 1148
Scranton Pa 18



USPS X-RAY